IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN-TYRONE MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01677 (RDA/WBP) |
| ) | |
| CARRINGTON MORTGAGE ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Carrington Mortgage Services, LLC's ("Defendant") Motion to Strike Plaintiff's Amended Complaint Filed April 3, 2024. ("Motion"; ECF No. 68.) For the reasons stated below, Defendant's Motion is GRANTED in part and DENIED in part.

The Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course 21 days after service of the pleading or, if the pleading requires a response, 21 days after service of the responsive pleading. FED. R. CIV. P. 15(a)(1). Otherwise, a party may only amend a pleading with the opposing party's written consent or by leave of court. FED. R. CIV. P. 15(a)(2).

Plaintiff Ryan-Tyrone Morris ("Plaintiff") filed his Complaint on December 8, 2024. (ECF No.1.) On January 9, 2024, Defendant filed a Motion to Dismiss that included a Roseboro Notice. (ECF No. 13.) On February 20, 2024, Plaintiff filed an Amended Complaint (ECF No. 45), which the district judge allowed by order dated February 29, 2024 (ECF No. 49). On March 12, 2024, Defendant moved to dismiss Plaintiff's Amended Complaint. (ECF No. 54.) On April

3, 2024, Plaintiff filed a second amended complaint, without leave of Court and without Defendant's permission. (ECF No. 68.)

The Court knows that Plaintiff is proceeding with this action *pro se*, but such status does not render him immune from following this Court's rules. *See Taylor v. Revature, LLC*, Civil Action No. 1:22-cv-1153, 2023 WL 6445857, *4-5 (RDA/JFA) (striking *pro se* plaintiff's amendment for failure to receive consent from defendant or leave of court) and *Haas v. City of Richmond*, Civil Action No. 3:17-cv-260, 2018 WL 3826776, *6 (holding that "*pro se* parties are still persons seeking action by a Court of the United States and must satisfy the requirements of doing so" and noting "Plaintiffs continue to file pleading after pleading with no apparent understanding of what they are doing, what they are demanding of the various Defendants, or the imposition they continue to impose upon the Court and Defendants' resources and time.").

Because Plaintiff received neither Defendant's permission nor leave of court to file his second amended complaint, the Court grants Defendant's Motion, and Plaintiff's second amended complaint (ECF No. 68) is stricken from the docket. The balance of the relief requested by Defendant in its Motion is DENIED.

Entered this 11th day of April 2024.

_____

William B. Porter
United States Magistrate Judge

Alexandria, Virginia

2