IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN-TYRONE MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-1677 (RDA/WBP) |
| ) | |
| CARRINGTON MORTGAGE SERVICES, ) | |
| LLC, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Ryan-Tyrone Morris' Motion for Summary Judgment (Dkt. 50), Defendant Carrington Mortgage Services' Motion to Dismiss (Dkt. 54), Plaintiff's Motion to Amend (Dkt. 76), Magistrate Judge William B. Porter's Report and Recommendation (Dkt. 80) ("R&R"), Plaintiff's Motion for Declaratory Judgment (Dkt. 82), Defendant's Motion to Strike (Dkt. 84), and Plaintiff's Motion to Nonsuit (Dkt. 87). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. This Court will DISMISS the action for the reasons that follow.

I. FACTUAL BACKGROUND[1]

Plaintiff Ryan-Tyrone Morris alleges that, on August 7, 2020, Defendant Carrington Mortgage Services, LLC began collecting payments from Payment pursuant to an agreement by which Defendant claims to have made a loan to Plaintiff in the amount of $350,536 to fund the

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Amended Complaint (Dkt. 45) as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

purchase of a property at 333 Woodstream Boulevard in Stafford, Virginia (the "Property"). Dkt. 45 at 1. Plaintiff asserts that Defendant has provided Plaintiff with a note and a deed of trust, but that Defendant has not established that Plaintiff has an obligation to pay. *Id.* at 2. Plaintiff asserts that Defendant misled Plaintiff as to the existence of an agreement. *Id.*

Pursuant to the documents reviewable at the motion-to-dismiss stage,[2] Plaintiff and Iris Dedja-Morris executed a note on August 7, 2020 in the amount of $350,536 payable to United Wholesale Mortgage. Dkt. 55-1 (the "Note"). On the same day, Plaintiff and Dedja-Morris executed a deed of trust providing a security interest in the Property to secure repayment of the Note. Dkt. 55-2 (the "Deed of Trust") (together with the Note, "the Loan"). Mortgage Electronic Registration Systems, Inc. ("MERS") is named in the Deed of Trust as the nominee for the lender and the beneficiary. *See id.*

On April 4, 2022, Defendant began servicing the loan. Dkt. 55-3.

After Defendant began servicing the Loan, Plaintiff sent many letters to Defendant regarding the Loan and his belief that he is not required to repay the Loan. *See* Dkt. 1-1 at 4 ("I believe that the contract/agreement lacks full disclosure, as I was not adequately informed that my

---

[2] Although material outside the complaint generally may not be considered in a Rule 12(b)(6) motion to dismiss, there is an exception to this rule when the document is incorporated by reference into the complaint or the complaint relies heavily upon its terms and effect, making the document integral to the complaint. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (noting that a court may consider a document not attached to the complaint when deciding whether to dismiss an action if the document was "integral to and explicitly relied on in the complaint"); *Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, n.4 (W.D.Va. 2007) (specifically holding that a court can rely on a copy of the deed of trust, even where the deed of trust is not attached to the complaint). Here, Plaintiff's claims are premised on whether his mortgage loan is valid, making the Note and Deed of Trust integral to the Amended Complaint. Indeed, those documents are specifically referred to in the Amended Complaint, although not attached. Moreover, Plaintiff discusses Defendant's servicing of the loan and attaches documents regarding the servicing of the loan to the Amended Complaint, *see* Dkt. 45-1, making notice of when it took over servicing also integral to the Amended Complaint.

2

signature would create credit that would full the obligation.").[3] In his letters, Plaintiff disputes the Loan as "void ab initio" and asserts that "[t]here was not performance based on the alleged 'contract' on your part" and that Plaintiff is due the "total outstanding balance" which is "due and payable immediately in order to settle this claim." *Id.* at 17.

Plaintiff ultimately failed to make a loan payment on November 1, 2023, and, as a result, Defendant sent Plaintiff a Delinquency Notice. Dkt. 1-1 at 28-30.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint on December 8, 2023. Dkt. 1. Defendant appeared in the action and requested an extension of time to respond. Dkt. 5. Thereafter, Plaintiff filed a Motion to Compel Performance and Opposed the Motion for Extension. Dkts. 5, 9. Magistrate Judge John F. Anderson granted the Motion for Extension. Dkt. 10.

On January 9, 2024, Defendant filed its first Motion to Dismiss. Dkt. 13. In response, Plaintiff filed a Request for Entry of Default, a Motion to Quash, and a Motion to Suppress. Dkts. 18, 19, 20. He then filed what he titled an Amended Joinder of Causes of Action. Dkt. 22.

On January 22, 2024, Judge Anderson denied the Motion to Suppress. Dkt. 25. After Defendant responded to Plaintiff's other motions, Plaintiff proceeded to file a Motion for Order to Show Cause, a Request for an Evidentiary Hearing, a Negative Averment, a Demand for Documents, a Statement of Facts, and a Motion for Summary Judgment. Dkts. 26, 27, 28, 31, 32, 33, 34, 40. Defendant then moved to Strike Plaintiff's Amended Joinder. Dkt. 36.

The case was then reassigned to Magistrate Judge Willam B. Porter.

On February 22, 2024, Plaintiff filed an Amended Complaint. Dkt. 45. Accordingly, the Court denied the then-pending motions as moot based on Plaintiff's amendment. Dkt. 49.

---

[3] These documents were submitted by Plaintiff as exhibits to his original Complaint.

3

One week later, Plaintiff filed a new Motion for Summary Judgment, which Defendant opposes. Dkt. 50, 51, 53, 60. Defendant filed then current Motion to Dismiss, to which Plaintiff objects. Dkt. 54, 55, 58, 59.

Plaintiff filed a motion to compel discovery, which was denied by Judge Porter. Dkt. 64, 66. Plaintiff then filed a second amended complaint. Dkt. 68. Defendant moved to strike the Second Amended Complaint. Dkt. 69, 70. After full briefing, Judge Porter granted the Motion to Strike and struck the Second Amended Complaint from the docket. Dkt. 73.

Plaintiff then filed his Motion to Amend. Dkt. 76. Defendant opposed the Motion to Amend and Plaintiff filed a Reply in support of his Motion. Dkts. 78, 79. Judge Porter then issued an R&R recommending that the Motion to Amend be denied. Dkt. 80. Plaintiff objected to the R*R. Dkt. 81.

Plaintiff then filed a Motion for a Declaratory Judgment. Dkt. 82. Defendant filed a Motion to Strike and Opposition to that motion. Dkts. 84, 85.

Finally, Plaintiff filed a notice purporting to dismissing this action without prejudice on November 7, 2024. Dkt. 87.

### III. LEGAL STANDARD

A plaintiff may move to dismiss an action pursuant to Rule 41(a)(1)(A)(i), where a party has not filed an answer or moved for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Federal Courts also have discretion under Rule 41(a)(2) of the Federal Rules of Civil Procedure to allow voluntary dismissal, unless a party will be unfairly prejudiced. *See* Fed. R. Civ. P. 41(a)(2); *see Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "[A] district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant . . . A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed

a summary judgment motion . . . . or that it faces the prospect of a subsequent lawsuit[.]" *Bridge Oil, Ltd., v. Green Pacific A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (internal citations omitted); *see also Ellet Bros. Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). In evaluating prejudice in this type of motion, the following factors are relevant, though not exclusive: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation. *See Gross v. Spies*, 1998 WL 8006, 133 F.3d 914 (Table) (4th Cir. 1988); *see also Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989, 991 (E.D. Va. 1998).

## IV.   ANALYSIS

Because Plaintiff's Nonsuit is potentially dispositive, the Court addresses that issue first. Plaintiff asserts: "Pursuant to Va. Code § 8.01-380, Plaintiff Ryan-Tryone: [sic] Morris, hereby nonsuits this action without prejudice." Dkt. 87. Although Plaintiff cites to provision of the Virginia Code, the Court construes his "nonsuit" as seeking voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Debord v. Grasham*, 2014 WL 3734320, at *2 (W.D. Va. July 28, 2014) (construing a motion to nonsuit as a motion for voluntary dismissal under Rule 41); *cf. Dodson v. DHI Mortg. Co., Ltd.*, 2007 WL 4268903, at *2 (E.D. Va. Nov. 30, 2007) (construing a motion to dismiss as a "Motion to Nonsuit under Federal Rule of Civil Procedure 41").

Here, although the parties have engaged in extensive briefing of a myriad of issues (raised mostly by Plaintiff), Defendant has neither filed an answer nor filed for summary judgment. Because no discovery has been taken and no trial date has been set, "it seems that the bulk of efforts and expenses associated with trial preparation have not truly begun in earnest." *Patel v.*

*Jackson Nat'l Life Ins. Co.*, 2016 WL 9211718, at *1 (E.D. Va. June 23, 2016). Thus, it is appropriate for the Court to grant the request to voluntarily dismiss this matter without prejudice.

Accordingly, it is hereby ORDERED that Plaintiff's motion to nonsuit (Dkt. 87) is GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 50), Defendant's Motion to Dismiss (Dkt. 54), Plaintiff's Motion to Amend (Dkt. 76), Plaintiff's Motion for Declaratory Judgment (Dkt. 82), and Plaintiff's Motion to Strike (Dkt. 84) are DENIED as MOOT; and it is

FURTHER ORDERED that the Court declines to adopt the R&R (Dkt. 80) because, given Plaintiff's voluntary dismissal, the R&R is MOOT; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

IT IS SO ORDERED.

Alexandria, Virginia
November 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge